1 | ROBERT R. HENSSLER, JR.
California State Bar No. 216165
2 | FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
3 | San Diego, California  92101-5008
Telephone:  (619) 234-8467 Ext. 3737
4 | Facsimile:   (619) 687-2666
Robert_Henssler@fd.org
5 |
6 | Attorneys for Ms. Sainz-Lopez
7 |
8 | UNITED STATES DISTRICT COURT
9 | SOUTHERN DISTRICT OF CALIFORNIA
10 | (HONORABLE BARRY TED MOSKOWITZ)

| 11 | UNITED STATES OF AMERICA, | ) | CASE NO. 08CR1600-BTM |
| 12 | Plaintiff, | ) ) | Date: August 8, 2008 |
| 13 | v. | ) ) | Time: 2:30 p.m. |
| 14 | ANGELICA SAINZ-LOPEZ, | ) ) | **DEFENDANT'S MEMORANDUM REGARDING** |
| 15 | Defendant. | ) ) | **BREACH OF THE PLEA AGREEMENT** |
| 16 | | ) | |

17 | TO:    KAREN P. HEWITT, UNITED STATES ATTORNEY;
        TARA MCGRATH, ASSISTANT UNITED STATES ATTORNEY; AND
18 |     KENNETH YOUNG, UNITED STATES PROBATION OFFICER:

19 |        Over thirty-five years ago in *Santobello v. New York*, 404 U.S. 257 (1971), the Supreme Court made

20 | clear that because the criminal accused waive their Constitutional rights when they plead guilty, plea

21 | agreements are special contracts and, "when a plea rests in any significant degree on a promise or agreement

22 | of the prosecutor, so that it can be said to be part of the inducement or consideration, *such promise must be*

23 | *fulfilled*."[1]  *Id*. at 262.  Here, when she plead guilty, Ms. Sainz-Lopez agreed to waive all of the following

24 | rights: the right to indictment by grand jury, the right to file or argue substantive motions, the right to proceed

25 | to trial as well as the right to appeal or collaterally attack the plea, conviction or sentence.  *See* Docket No.

26 | 15 ("Plea Agreement").  She also agreed to entry of an order removing her from the United States.  *Id*.  In

27 | exchange for giving up all these rights, the government promised to recommend that she "be sentenced to the

28 | low end of the advisory guideline range *as calculated by the government* pursuant to this agreement."  *Id*.

---

[1]Unless otherwise noted all emphasis is added.

at 10. The government calculated the total offense level as 9. *See id.* at 8. Thus, because Ms. Sainz-Lopez has zero criminal history, the government promised her it would recommend 4 months custody in exchange for her guilty plea.

In spite of its explicit promise to recommend 4 months, the government has recommended that Ms. Sainz-Lopez be sentenced to 6 months custody. *See* Docket No. 25 ("Government's Sentencing Memorandum"). This is a breach. Although plea agreements are contractual by nature and are measured by contract law standards, "[a]s a defendant's liberty is at stake, the government is ordinarily held to the literal terms of the plea agreement it made." *United States v. Transfiguracion*, 442 F.3d 1222, 1228 (9th Cir. 2006) (citing *United States v. Packwood*, 848 F.2d 1009, 1012 (9th Cir. 1988)). The government as drafter of the agreement, is responsible "'for any lack of clarity'" *United States v. Franco-Lopez*, 312 F.3d 984, 989 (9th Cir. 2002) (quoting *United States v. Anderson,* 970 F.2d 602, 607 (9th Cir.1992), *as amended* 990 F.2d 1163 (9th Cir. 1993)). "Ambiguities are therefore construed 'in favor of the defendant.'" *Transfiguracion*, 442 F.3d at 1228 (quoting *Franco-Lopez*, 312 F.3d at 989). The Ninth Circuit instructs that in construing the agreement the Court must look to what Ms. Sainz-Lopez "reasonably believed to be the terms of the plea agreement at the time of the plea." *See Franco-Lopez*, 312 F.3d at 989.

Clearly, under this agreement, Ms. Sainz-Lopez reasonably expected that the government would recommend she be sentenced "to the low end of the advisory guideline range ***as calculated by the government*** pursuant to this agreement." Plea Agreement at 10. Here, because the government calculated the guideline range as an adjusted offense level of 9, Ms. Sainz-Lopez reasonably believed the government would recommend she be sentenced to 4-months. However, the government has recommended 6-months claiming it made either "a typographical error or a simple clerical mistake," when it drafted the plea agreement and really meant to write adjusted offense level of 10. *See* Government's Sentencing Memorandum at 2. The government says that because it made what it calls a legal error in drafting the plea agreement, it is not bound by the promises it made. *Id.* The government misunderstands the law of plea agreements.

In *Franco-Lopez*, the Ninth Circuit emphasized that:

> A defendant is entitled to the benefit of his or her plea bargain and sentencing pursuant to a plea bargain must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

1   312 F.3d at 989 (quoting *Santobello,* 404 U.S. at 262).  When the government breaches a plea agreement, the

2   defendant is entitled to specific performance of the agreement which requires resentencing in front of a

3   different judge.  *Id.* at 994.  The good or bad faith of the government counsel is irrelevant to the decision of

4   whether her conduct constituted a breach of the terms of the agreement.  *Id.* at 992; *see also Santobello*, 404

5   U.S. at 262 (that a breach was inadvertent does nothing to lessen its impact).[2]  This Court's "interpretation

6   of the plea agreement between [Ms. Sainz-Lopez] and the government, then, **must** secure the benefits

7   promised [Ms. Sainz-Lopez] by the government in exchange for surrendering [her] right to trial."  *Id.* at 989.

8           In essence, the government argues that based on the doctrine of mutual mistake of law, it is entitled

9   to rescind the plea agreement -- or, at least the portion relating to its sentencing recommendation.  *See*

10  Government's Sentencing Memorandum.  However, the Ninth Circuit has repeatedly rejected substantially

11  similar mutual mistake arguments.  *See Transfiguracion*, 442 F.3d at 1228-30; *United States v. Barron*, 172

12  F.3d 1153 (9th Cir. 1999) (en banc); *United States v. Zweber*, 913 F.2d 705, 711 (9th Cir. 1990).[3]  "[I]t would

13  be inappropriate to extend the application of ordinary contract law principles so far as to permit the

14  government to claim the defense of mutual mistake."  *Transfiguracion*, 442 F.3d at 1229.  In *Barron* the Court

15  observed:

16          A plea bargain is not a commercial exchange. It is an instrument for the enforcement of the
            criminal law. What is at stake for the defendant is his liberty. . . . What is at stake for the
17          government is its interest in securing just punishment for violation of the law and its
            interest that an innocent act not be punished at all. The interests at stake and the judicial
18          context in which they are weighed require that something more than contract law be
            applied.

19

20  //

21  _____

22          [2]  As the Ninth Circuit has explained:
23          We note that, as in any other breach of contract situation, to say that one party
            breached the contract is not to ascribe to that party bad faith. It is precisely because
24          the parties to a contract do not always agree about the contract's meaning that courts
            are enlisted in interpreting them. That we invariably end up disagreeing with one
25          party's interpretation or the other's is not to ascribe a failure to act in good faith to the
            party with whom we disagree.
26

27  *Franco-Lopez*, 312 F.3d at 992 n.5.

28          [3]  *Zweber* was superseded on other grounds by amendment, U.S.S.G. app. C, amend. 345, as
            recognized in *United States v. Webster*, 996 F.2d 209, 211 (9th Cir. 1993).

1  *Barron*, 172 F.3d at 1158.  Simply put, "***[t]he nature of a plea agreement is simply too complex to support***

2  ***the doctrine of mutual mistake.***"  *Transfiguracion*, 442 F.3d at 1230.  Thus, here, the government's error

3  "cannot void an otherwise valid plea agreement," *id.*, and the government is required by law to recommend

4  Ms. Sainz-Lopez be sentenced to 4-months.

5        Finally, the importance of enforcing plea agreements can not be overstated.  In *Camarillo-Tello*, the

6  Ninth Circuit explained:

7         The idea is that when the sentencing court hears that both sides believe a certain sentence
          is appropriate and reasonable in the circumstances, this is more persuasive than only the
8         defendant arguing for that sentence. Presenting this "united front" is the defendant's benefit
          of the bargain.  It is not always much of a benefit, as the sentencing courts do not have to
9         follow the joint recommendation. Nevertheless, the chance that the court will follow the
          joint recommendation is often the basis upon which defendants waive their constitutional
10        right to trial.

11 236 F.3d at 1028.  When considering the government's responsibilities with respect to plea agreements the

12 Ninth Circuit has emphasized that, "[t]he integrity of our judicial system requires that the government ***strictly***

13 ***comply*** with its obligations under a plea agreement."  *United States v. Mondragon*, 228 F.3d 978, 981 (9th

14 Cir. 2000).  This simple proposition recalls the eloquent words of Justice Louis Brandeis:

15        Decency, security and liberty alike demand that government officials shall be subjected to
          the rules of conduct that are commands to the citizen. In a government of laws, existence
16        of the government will be imperiled if it fails to observe the law scrupulously. Our
          government is the potent, omnipresent teacher. For good or for ill, it teaches the whole
17        people by its example.

18 *United States v. Olmstead*, 277 U.S. 438, 485 (1928) (dissenting opinion of Mr. Justice Brandeis).  Here, Ms.

19 Sainz-Lopez did not receive the benefit of her bargain when, at sentencing, the government recommended 6

20 months custody.  Because the government failed to strictly comply with the plea agreement it breached and,

21 the Court must order specific performance of the plea agreement in front of a different sentencing judge.  *See*

22 *e.g., Camarillo-Tello*, 236 F.3d at 1028.

23                                     Respectfully submitted,

24

25 DATED:  August 4, 2008              */s/ Robert R. Henssler*
                                       **ROBERT R. HENSSLER JR**
26                                     Federal Defenders of San Diego, Inc.
                                       Attorneys for Ms. Sainz-Lopez
27

28

## CERTIFICATE OF SERVICE

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing document has been served this day upon:

TARA MCGRATH
ASSISTANT UNITED STATES ATTORNEY; AND
tara.mcgrath@usdoj.gov

A courtesy copy will be sent via electronic email to:

KENNETH YOUNG,
UNITED STATES PROBATION OFFICER:

Dated: August 4, 2008                          _/s/  Robert R. Henssler_
                                               ROBERT R. HENSSLER, JR.
                                               Federal Defenders of San Diego, Inc.
                                               225 Broadway, Suite 900
                                               San Diego, CA 92101-5030
                                               (619) 234-8467  (tel)
                                               (619) 687-2666  (fax)
                                               e-mail: Robert_Henssler@fd.org