KAREN P. HEWITT
United States Attorney
TARA K. McGRATH
Assistant United States Attorney
California State Bar No. 254209
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
619 557-6920 (Telephone)/619 557-5551 (Fax)
E-mail: Tara.McGrath@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                                )<br>                            Plaintiff,     )<br>                                                                )<br>           v.                                                )<br>                                                                )<br>ANGELICA SAINZ-LOPEZ,             )<br>                                                                )<br>                                                                )<br>                            Defendant.   )<br>_____) | Criminal Case No. 08CR1600-BTM<br><br>Date:   August 8, 2008<br>Time:  11:30 a.m.<br><br>Honorable Barry Ted Moscowitz<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MEMORANDUM REGARDING BREACH OF THE PLEA AGREEMENT** |

NOW COMES plaintiff United States of America, by and through its counsel, United States Attorney Karen P. Hewitt and Assistant United States Attorney Tara K. McGrath, and hereby files the following Response in Opposition to Defendant's Memorandum Regarding Breach of the Plea Agreement.

Pursuant to the terms of the Plea Agreement, the United States does not oppose the Defendant's request for a to a two (2) level downward adjustment based on Defendant's eligibility for Safety Valve pursuant to U.S.S.G. §§ 2D1.1(b)(11) and 5C1.2; a two (2) level adjustment for Defendant's role in the offense pursuant to U.S.S.G. § 2D1.1(a)(3); and a two (2) level departure for Fast Track Early Disposition pursuant to U.S.S.G. § 5K3.1. Defendant's request for a three (3)

level adjustment for Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1(b), however, is a legal impossibility, the United States is unable to agree to this reduction and accordingly opposes defendant's request for a three (3) level reduction.

# I

# ARGUMENT

1. <u>Language of the Plea Agreement Applies Only to Applicable Adjustments and Departures.</u>

The defendant contends that the government explicitly promised to recommend a sentence of four months in custody as part of the plea agreement. Def.'s Memo at 2. That is assertion is inaccurate. While the Plea Agreement does indicate that the parties will jointly recommend a total offense level of nine (9), that recommendation is conditioned on defendant's eligibility for the safety valve reduction, acceptance of responsibility and fulfillment of the fast track program requirements. Because of the predicate conditions required to reach the adjusted offense level, the plea agreement does not correspond to an exact or explicit term of months.

It is essential to note at the outset of this response that the language of the sentencing recommendations portion of the plea agreement in this case is not absolute. It specifically states that the parties will make the recommendations as calculated in the plea agreement *"if applicable"* (emphasis added). Plea Agreement at 8.

Section X of the plea agreement, Parties' Sentencing Recommendations, refers to the sentencing guidelines calculations:

> Although the parties understand that the Guidelines are only advisory and just one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (*if applicable*):
>
> 1. Base Offense Level [§ 2D1.1]                   18
> 2. Safety Valve (if applicable)                   -2*
>    [§§ 2D1.1(b)(11) and 5C1.2]
> 3. Minor Role [§ 3B1.2(b)]                        -2
> 4. Acceptance of Responsibility [§ 3E1.1]         -3
> 5. Departure for Fast Track  [§ 5K3.1]            <u>-2</u>
>    Total Offense Level                             9

Plea Agreement at 8. (Emphasis added.)

The language of the agreement between the parties specifically noted that all calculations are subject to applicability. In this case, § 3E1.1 of the Sentencing Guidelines does not permit a three (3) level reduction for acceptance of responsibility if the adjusted offense level is lower than a sixteen (16) and here defendant's adjusted offense level is a fourteen (14). Therefore line four (4) of the guideline calculations in the plea agreement is not applicable to defendant's case. Both the government and defendant agreed to the condition that the adjustments and departures must be applicable to be recommended to the Court at the time of sentencing. Because defendant requests a three (3) level reduction that is not applicable to her case, the government is not in breach of the plea agreement by not recommending this reduction.

2. Ambiguities as Set Forth in *Franco-Lopez* Do Not Apply to Defendant's Situation.

To support her allegation of breach, defendant points to case law asserting that ambiguities in a plea agreement are to be construed in favor of a defendant. *United States v. Franco-Lopez*, 312 F.3d at 989 (9th Cir 2002). The situation set out in *Franco-Lopez*, however, is distinguishable from the facts at hand. In *Franco-Lopez,* the Ninth Circuit found that the government was in breach of a plea agreement based on information provided by the government to the probation department regarding defendant's eligibility for the safety valve departure. The issue in that case involved the defendant's veracity during the safety valve process and his role during the offense, factors that allowed room for interpretation of the applicability of the safety valve reduction. In this case, there is no such ambiguity or room for interpretation of the applicability of the additional level departure for acceptance of responsibility.

The calculations of defendant's base offense level, safety valve departure and defendant's minor role are not in dispute. Based on these undisputed calculations, the sentencing level applicable to defendant at the point of the calculations where acceptance of responsibility is factored is a fourteen (14). A total of a three (3) level reduction under U.S.S.G. § 3E1.1 is only available if the offense "is level sixteen (16) or greater and upon motion of the government[.]" U.S.S.G. § 3E1.1(b). If the level at that point is a sixteen (16) or greater, a 2 (two) level

reduction can be increased by one (1) to a total of a three (3) level reduction for acceptance of responsibility. That additional level departure, however, is not available to defendant under the Guidelines because her adjusted offense level at the point of applicably of acceptance of responsibility is only a fourteen (14).

The facts of this case do not amount to ambiguity of the plea agreement but rather a legal impossibility under the Sentencing Guidelines. The ambiguity in the circumstances and the role of the government in providing information to probation in *Franco-Lopez* sets it apart from the case at hand.

3. Mutual Mistake in this Case is Distinguishable from *Transfiguracion*.

Additionally defendant attempts to support her argument that the government must recommend a three (3) level reduction for acceptance of responsibility in this case by pointing to the Ninth Circuit's conclusions in *Untied States v. Transfiguracion*, 442 F.3d at 1222 (9th Cir. 2006). The defendant is correct that *Transfiguracion* declined to apply the doctrine of mutual mistake to plea agreements. Yet again, the facts of *Transfiguracion* do not involve an analogous situation to defendant's case and must be distinguished.

In *Transfiguracion* the "mutual mistake" arose from a change in the law following the defendant's guilty plea. Essentially, a Ninth Circuit decision that followed Transfiguracion's guilty plea "meant that the facts that had formed the predicate of Transfiguracion's and Dao's contracted-for guilty pleas no longer constituted a crime." Id at 1226. Neither party in that case could have foreseen the decision resulting in the revised law. In this case, however, both the government and the defendant should have been aware that at the point of application of the adjustment for acceptance of responsibly, the only possible guideline reduction under U.S.S.G. § 3E1.1(b) was a two (2) point total reduction, not a three (3) point reduction. The mutual mistake in this case was not only completely different type of mistake than that set forth in *Transfiguracion* but it also did not arise as a result of a change of law following the defendant's guilty plea. It was a numerical mistake that should have been apparent to both parties prior to the execution of the agreement.

4

4. Applicable Reduction of Two (2) or Three (3) Levels is not a Bargaining Point in this Case.

The number of levels that can be decreased under § 3E1.1 of the Sentencing Guidelines is not a bargaining point when defendant's adjusted level is only a fourteen (14). In a case where the government moves the court for an additional point under this section and recommends a total of three (3) level reduction it is generally based upon a defendant's behavior, timeliness of the acceptance of responsibility and truthful admission. Such factors may be bargaining points between the government and a defendant in some cases but can *only* be considered in a request for an additional point if the base offense level at the time of application is a sixteen (16) or greater. The Background to the Application Notes of § 3E1.1 shed further light on the issue:

> Subsection (a) provides a 2-level decrease in offense level. Subsection (b) provides an additional 1-level decrease for a defendant at offense level 16 or greater prior to operation of subsection (a) who both qualifies for a decrease under subsection (a) and has assisted authorities in the investigation or prosecution of his own misconduct...
> Subsection (b) does not apply, however, to a defendant whose offense level is level 15 or lower prior to application of subsection (a). At offense level 15 or lower, the reduction in the guideline range provided by a 2-level decrease in offense level under subsection (a) (which is a greater proportional reduction in the guideline range than at higher offense levels due to the structure of the Sentencing Table) is adequate for the court to take into account the factors set forth in subsection (b) within the applicable guideline range.

U.S.S.G. § 3E1.1, App Notes 6.

One of the foundations of the Ninth Circuit's findings of the inapplicability of the doctrine of mutual mistake to plea agreements, and in particular in *Transfiguracion*, is based on the nature of the bargain between the government and the defense. In this case the applicability of an additional level reduction for acceptance of responsibility was not, and could not have been, a bargaining point in the formation of the agreement between defendant and the government. It was, and remains, a legal impossibility for an additional level departure to be applicable in a case such as the defendant's with an adjusted offense level of fourteen (14).

5. Sentencing Guidelines Do Not Provide for Discretion in Government's Recommendation.

The defendant goes on to highlight the importance of enforcing plea agreements. While the government does not dispute this general contention, again defendant looks to a case with distinguishable application. The defendant asserts that *United States v. Camarillo-Tello,* 236

5

F.3d at 1028 (9th Cir. 2001), applies to the case at hand because the Ninth Circuit recognized the impact of a recommendation with a "united front" between a defendant and the government at sentencing. Id at 1028. In *Camarillo-Tello*, however, the government exercised discretion that does not exist in the present case. In *Camarillo-Tello*, the government made a decision not to abide by the sentencing recommendation it agreed to make under to the plea agreement and instead advocated for a higher sentence as recommended by probation in that case.

The circumstances of the case at hand, however, are not such that the government is acting in a discretionary fashion. The government has no discretion to grant an additional point for acceptance of responsibility under the Guidelines. In fact, the Guidelines specifically prohibit discretion in this regard, stating that a total of a three (3) level reduction under U.S.S.G. § 3E1.1 is only available if the offense "is level sixteen (16) or greater and upon motion of the government[.]" U.S.S.G. § 3E1.1(b). Because the undisputed base offense level in defendant's case is a fourteen (14), the government has no discretion or legal foundation upon which to make the recommendation demanded by defendant.

6. The United States' Actions in Submitting a Correct Sentencing Summary Chart Were Not In Breach of the Plea Agreement.

In *United States v. Maldonado*, 215 F.3d 1046 (9th Cir. 2000), all parties initially miscalculated the amount of drugs involved in the case and therefore miscalculated the base offense level under the Sentencing Guidelines. The Ninth Circuit recognized that in such a situation "the government has a duty to ensure that the court has complete and accurate information, enabling the court to impose an appropriate sentence." Id at 1052. See also *United States v. Read*, 778 F.2d 1437 (9th Cir. 1985). In the case at hand, the government fulfilled this obligation to submit an accurate Sentencing Summary Chart and corresponding accurate sentencing recommendation under the Sentencing Guidelines.

There is no statutory authorization for the government to make a recommendation outside of the guidelines. The Defendant is ineligible for the additional one (1) point reduction because the adjusted offense level in her case is a fourteen (14) and not high enough for the United

States to move the Court for an additional point. The defense argues that plea agreements should be construed in favor of the defense but in this case it is impossible for the government to comply. The government simply has no authority to move the court for a third point for acceptance of responsibility in defendant's case.

The government has an obligation to correctly calculate a recommended sentence under the Sentencing Guidelines. Although a mistake was made by both parties in the Plea Agreement, the United States maintains the obligation to provide accurate information to the Court, and to remedy any previous errors. By submitting an accurate Sentencing Summary Chart and recommendation in defendant's case, the United States fulfilled this obligation and did not act in breach of the plea agreement.

## II

## CONCLUSION

It is the position of the United States in this case that the mutual mistake between the government and the defendant regarding a miscalculated three (3) level reduction for acceptance of responsibility, when that is a legal impossibility in this case, cannot be specifically performed as requested by defendant.

For the foregoing reasons, the United States respectfully requests the Court not find the United States in breach of the plea agreement, and deny defendant's request for specific performance.

DATED: August 7, 2008.

                                                Respectfully submitted,

                                                KAREN P. HEWITT
                                                United States Attorney

                                                *s/Tara K. McGrath*
                                                 Tara K. McGrath
                                                Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08CR1600-BTM |
| Plaintiff, | |
| v. | Certificate of Service |
| ANGELICA SAINZ-LOPEZ, | |
| Defendant. | |

IT IS HEREBY CERTIFIED THAT:

I, Tara K. McGrath, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the United States' Response and Opposition to Defendant's Sentencing Memorandum on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

    Robert Henssler, Attorney for Defendant

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 7, 2008.

    *s/Tara K. McGrath*
    Tara K. McGrath

8